572 A.2d 859

**Bruce MULLEN, Appellant,**

v.

**BOROUGH OF PARKESBURG, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 1990.

Decided April 5, 1990.

322

Gary R. Block, West Chester, for appellant.

David S. Florig, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, for appellee.

Before COLINS, PALLADINO and PELLEGRINI, JJ.

COLINS, Judge.

Bruce M. Mullen (Mullen) filed suit against the Borough of Parkesburg (Borough) asserting that he was relieved of duty as a police officer in a manner that failed to follow statutory mandate pursuant to what is commonly known as the Police Tenure Act (Act), Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811–816. At the close of the pleadings the Borough moved for summary judgment on the basis that Mullen was not covered by the Act. The Court of Common Pleas of Chester County issued an order dated December 7, 1988, granting the Borough's Motion for Summary Judgment. Mullen appealed.

Mullen worked as a police officer for the City of Coatesville. While still employed full-time by Coatesville, Mullen was also hired as a part-time police officer by the Borough. Mullen did regular police work for both Coatesville and the Borough. He averaged approximately 32 hours per week as an employee of the Borough, working around his Coatesville schedule. He often filled in when other officers were sick, and was able to work additional unscheduled shifts. After a formal citizen's complaint was filed, Mullen was relieved of duty by the Borough. In addition to charging the Borough with failure to follow proper procedures, he claimed financial loss and sought damages.

We must now determine whether the trial court properly granted summary judgment on the basis that Mullen was not a regular full-time police officer who was entitled to protection under the Act. Our scope of review on appeal from the grant of a motion for summary judgment is limited to a determination of whether there has been an error of law or a manifest abuse of discretion. *Herman v. Greene County Fair Board,* 112 Pa.Commonwealth Ct. 615, 535 A.2d 1251 (1988).

■ Pursuant to Pa.R.C.P. No. 1035, summary judgment may be granted when the moving party is entitled to judgment as a matter of law and when there is no genuine issue of material fact. Such judgment should be granted only where the right is clear and free from doubt. In making this determination, the trial court must examine the record in the light most favorable to the non-moving party. *Trenco Company, Inc. v. Department of Transportation*, 126 Pa.Commonwealth Ct. 501, 560 A.2d 285 (1989).

Mullen claims that he was entitled to a hearing in accordance with Section 4 of the Act, 53 P.S. § 814, which provides, in pertinent part: "If the person sought to be suspended or removed shall demand a public hearing, the demand shall be made to the appointing authority.... The appointing authority shall grant him a public hearing...." The Borough asserts that Mullen was not covered by the Act and, therefore, was not entitled to a hearing.

Sections 1 and 2 of the Act, 53 P.S. §§ 811 and 812, are relevant to this issue. Those sections state in pertinent part:

Section 1. This act shall apply to each township of the second class, to each borough and township of the first class *having a police force of less than three members* ....

Section 2. Removals.—No person employed *as a regular full time police officer* in any police department of any township of the second class, or any borough or township of the first class within the scope of this act, ... shall be suspended, removed or reduced in rank except for the following reasons: ....

(Emphasis added.)

■ Mullen maintains that he is a regular full-time police officer with the Borough within the meaning of the Act and, therefore, should have been granted the hearing that he requested. Using *Harlan v. Washington National Insurance Company*, 388 Pa. 88, 130 A.2d 140 (1957) and its application in *Petras v. Union Township*, 409 Pa. 416, 187 A.2d 171 (1963), the definition of what constitutes full-time

employment with regard to the Act is not the number of days, length of hours, or terms of employment but instead whether Mullen was available or on call for duty at any and all times.

The trial court found that Mullen could only be available during the time that he was not on duty in Coatesville. Other factors noted by the trial court further substantiate the Borough's contention that Mullen was not a regular full-time police officer. Mullen was paid on an hourly basis and received no benefits. The Chief of Police and the Sergeant of the Borough (the two other police officers employed by the Borough) did receive benefits and worked regular weekly shifts.

Another case on point, *Yatzor v. Washington Township Commissioners*, 5 Pa.Commonwealth Ct. 291, 290 A.2d 425 (1972), considered the appeal of a police officer whose main source of income made him unavailable for police work at least three, and sometimes four, days a week. We held that Yatzor was not a "regular full-time police officer" in that he was not available for full employment at any and all times. From the record, it appears that Mullen was available for duty on a more extensive basis than Yatzor, but he still was not available at any and all times. The trial court was correct in concluding that Mullen cannot be designated as a regular, full-time police officer and, therefore, was not covered under the Act.

 The other hurdle that Mullen did not overcome concerns Section 1 of the Act, 53 P.S. § 811, which limits coverage to police forces consisting of less than three members. As noted above, other than Mullen, the Borough only employed a Chief of Police and a Sergeant. It directly follows that Mullen, whether full-time or part-time, constitutes the third member of the Borough's police force. Therefore, again, the trial court was correct in concluding that the Act cannot apply.

We conclude that Mullen has not established the existence of any genuine issues of material fact and that the

trial court was correct in holding that the Borough was entitled to judgment as a matter of law. It is clear that Mullen was a police officer for the Borough, that the Borough employed two other police officers, and that the Act cannot apply to a police force with more than two members. It is also clear that Mullen was not a regular full-time police officer as his availability did not comport with the Supreme Court's definition.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 5th day of April, 1990, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.