623 A.2d 904

**Steve A. PETERSON, Appellant,**

v.

**PHILADELPHIA HOUSING AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1993.

Decided March 18, 1993.

310

Richard J. Hunigman, for appellant.

Patricia M. Giordano, for appellee.

Before CRAIG, President Judge, and McGINLEY, J., and LORD, Senior Judge.

McGINLEY, Judge.

Steven A. Peterson (Peterson) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) granting the motion of the Philadelphia Housing Authority (the Authority) for summary judgment and dismissing the complaint. We reverse and remand for trial.

On February 9, 1988, at approximately 11:30 a.m., Peterson was injured while descending a flight of stairs in an Authority building located at 1315 North Tenth Street in the City of Philadelphia. Peterson slipped on an obstruction and/or debris on the stairs in a darkened area and attempted to grab a missing bannister. As a result, Peterson fell down the flight of stairs and sustained severe injuries including fractures.

On November 18, 1988, Peterson filed a complaint against the Authority alleging his personal injuries resulted from the Authority's negligence in failing to maintain and repair the stairs and in failing to properly illuminate the property. The Authority filed an answer and new matter in which the Authority alternately raised the defenses of sovereign immunity under 42 Pa.C.S. § 8522 and local government immunity

under 42 Pa.C.S. § 8542. On February 25, 1992, the Authority filed a motion for summary judgment on the basis that Peterson's claim did not fall within the exceptions to either sovereign or local government immunity. On April 3, 1992, the trial court granted summary judgment, finding that the real property exceptions to immunity in 42 Pa.C.S. § 8522 and 42 Pa.C.S. § 8542 were inapplicable because the bannister was separable from the property and not a fixture. Peterson appeals.

 Our scope of review on appeal from a grant of a motion for summary judgment is limited to a determination of whether there is an error of law or manifest abuse of discretion. *Mullen v. Borough of Parkesburg,* 132 Pa.Commonwealth Ct. 321, 323, 572 A.2d 859, 860 (1990). Pursuant to Pa.R.C.P. No. 1035, summary judgment may be granted when the moving party is entitled to judgment as a matter of law and when there is no genuine issue of material fact. Such judgment should be granted only where the right is clear and free from doubt. In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen,* 132 Pa.Commonwealth Ct. at 324, 572 A.2d at 860–61.

 On appeal, Peterson contends that the Authority is a Commonwealth agency, not a local agency; that a missing bannister is a defect of the property that falls within the real property exception; and that the Authority is not entitled to summary judgment as a matter of law because there are outstanding issues of fact remaining.

In *Crosby v. Kotch,* 135 Pa.Commonwealth Ct. 470, 580 A.2d 1191 (1990), we held that an authority created under Section 10 of the Housing Authorities Law, Act of May 28, 1937, P.L. 955, *as amended,* 35 P.S. § 1550, is a Commonwealth agency entitled to sovereign immunity and not governmental immunity. *Id.* at 473, 580 A.2d at 1193. In *Crosby* we also noted that, although the statutory language in the real property exception to sovereign immunity is slightly different from the language found in the real property exception to governmental

immunity,[1] our Supreme Court in *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), utilized the same criteria when construing the two. *Crosby*, 135 Pa.Commonwealth Ct. at 473–74, 580 A.2d at 1193.

In *Bendas v. Township of White Deer*, 531 Pa. 180, 611 A.2d 1184 (1992), our Supreme Court cited to *Snyder v. Harmon* for the rule that the "duty of care a Commonwealth agency owes to those using its real estate is such as to require that the condition of the property is safe for the activities for which it is regularly used, intended to be used or reasonably foreseen to be used."[2] *Bendas*, 531 Pa. at 183, 611 A.2d at 1186.

1. With regard to sovereign immunity, 42 Pa.C.S. § 8522(b) provides: Acts which may impose liability.—The Following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . .

(4) Commonwealth real estate, highways and sidewalks—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5) [relating to potholes and other dangerous conditions].

Similarly, with regard to governmental immunity, 42 Pa.C.S. § 8542(b) provides:

Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency . . .

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks.

2. In *Pierce v. Philadelphia Housing Authority*, 337 Pa.Superior Ct. 254, 486 A.2d 1004 (1985), the Superior Court noted that the Authority, as landlord, is liable to a lessee and others lawfully on the premises for physical harm caused by a dangerous condition on a part of the premises over which the landlord retains control if, by the exercise of reasonable care, the landlord could have discovered the condition and

Under the real property exceptions, our Supreme Court has held that the artificial condition or defect of the land *itself* must cause the injury and not merely facilitate the injury by the acts of others. *Crowell v. City of Philadelphia*, 531 Pa. 400, 406, 613 A.2d 1178, 1180 (1992) (citing *Mascaro v. Youth Study Center*, 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987)) (emphasis added in original).

In the present case Peterson relies upon the real property exception and bases his claim upon the Authority's failure to maintain the bannister and properly illuminate the stairs. Peterson contends that both the bannister and the stairwell lighting system constitute "fixtures," and are, therefore, real property.

In *Gore v. Bethlehem Area School District*, 113 Pa.Commonwealth Ct. 394, 537 A.2d 913 *petition for allowance of appeal denied*, 519 Pa. 656, 546 A.2d 60 (1988), we noted (citing Black's Law Dictionary 574 (5th Ed.1979)) that a "fixture" is an article in the nature of personal property that has been so annexed to the realty that it is regarded as part and parcel of the land. *Id.* at 398, 537 A.2d at 915. The factors that determine whether a chattel is a fixture when affixed to the land include (a) the manner in which it is physically attached or installed; (b) the extent to which it is essential to the permanent use of the building or other improvement; and (c) the intention of the parties who attached or installed it. *Id.* 101 Pa.Cmwlth.Ct. at 114, 515 A.2d at 644. In *McCloskey v. Abington School District*, 101 Pa.Commonwealth Ct. 110, 515 A.2d 642 (1986),[3] we also noted that the third factor, the intended use of the property by the parties, is

risk involved and made the condition safe. *Id.* at 257, 486 A.2d at 1005. In *Pierce*, a repairman was injured in a fall on a cellar stairway. We note that the Authority did not allege either governmental or sovereign immunity.

**3.** We note that the Supreme Court vacated our decision in *McCloskey* and remanded for reconsideration in light of *Mascaro*. 517 Pa. 347, 537 A.2d 329 (1988). However, the issue on remand concerned the effect of acts of third parties under *Mascaro* and did not involve reconsideration of the standard for determining what items are fixtures. *See McCloskey v. Abington School District*, 115 Pa.Commonwealth Ct. 289, 539 A.2d 946 (1988).

a matter for the fact finder rather than something that can be decided as a matter of law by this Court. *Id.* at 115, 515 A.2d at 645. We realize that it can hardly be argued that a stairwell bannister and stairwell lighting system are not physically integrated and installed as parts of the building or not essential to the permanent use of the building. Nevertheless, the intended use of the property by the parties is a question for the trier of fact and the trial court erred in ruling, as a matter of law, that the bannister and stairwell lighting system are not fixtures, and thus not real property as contemplated by the real property exception.

In summary, we conclude that the questions of: (1) whether the missing bannister constitutes a defect in the real property itself and is therefore a dangerous condition of the Authority's real estate as contemplated by 42 Pa.C.S. § 8522(b)(4), and (2), whether the inadequate stairwell lighting constitutes a defect in the real property and is therefore a dangerous condition of the Authority's real estate as contemplated by 42 Pa.C.S. § 8522(b)(4), are expressly questions of fact to be determined by the trier of fact. *Bendas,* 531 Pa. at 183–85, 611 A.2d at 1186–87.

The Authority also contends that Peterson's injuries were caused by an accumulation of debris discarded by an unknown third party and that, pursuant to *Mascaro,* any harm caused by acts of others is excluded from the exceptions to immunity. However, in *Crowell* the Supreme Court reviewed *Mascaro* and noted that in cases where a plaintiff is injured and brings an action against a government unit, the government unit is subjected to liability despite the presence of an additional tortfeasor if the government unit's actions preclude indemnity from another for injuries rendered to a third person. *Crowell,* 531 Pa. at 412–13, 613 A.2d at 1184.

In *Crowell* the Court analyzed the law of indemnification: It is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important part to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or

constructive only, being based upon some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case there is only a common liability and not a primary or secondary one, even though one may have been very much more negligent than the other. The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him caused the injury.

*Id.* at 412, 613 A.2d at 1184 (citing *Builders Supply v. McCabe,* 366 Pa. 322, 325–28, 77 A.2d 368, 370–71 (1951) (emphasis in original)).

 In the present case, Peterson testified that he reached for a missing bannister and fell. Peterson's Deposition, February 16, 1990, at 33–34; Reproduced Record (R.R.) at 52a–53a. Peterson also testified that it was dark in the stairwell and that he did not see the missing bannister or the debris on the stairs. *Id.* at 36–37, 47–49; R.R. at 55a–56a, 66a–68a. In accordance with *Snyder* and *Bendas,* the Authority owes a duty to those using the real estate to make it safe for the activities for which it is regularly used, intended to be used, or reasonably foreseen to be used. Without question Peterson must be permitted to establish that the Authority's alleged failure to maintain the bannister and the stairwell lighting was concurrent with the third party's negligence in depositing the trash in the stairwell. If he does so, then joint tortfeasor liability is at issue, as contrasted with vicarious liability secondary to the third party's negligence. Accordingly, the real

estate exception may be applicable, and the Authority may not be entitled to indemnification. *Crowell.*

In view of the foregoing we hold that there are questions of fact as to whether the missing bannister and the stairwell lighting were intended to be fixtures, and also whether either of them substantially contributed to Peterson's fall. This determination must be made by a trier of fact rather than decided as a matter of law.

The order of the trial court is reversed and this matter is remanded for trial.

## ORDER

AND NOW, this 18th day of March, 1993, the order of the Court of Common Pleas of Philadelphia County is reversed and this case is remanded for trial on the merits of the complaint. Jurisdiction is relinquished.