623 A.2d 901

**Dawn FLOYD, a minor, by her mother and natural guardian, Rovella FLOYD and Rovella Floyd in her own right, Appellants,**

v.

**PHILADELPHIA HOUSING AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1993.

Decided March 18, 1993.

Brian E. Appel, for appellants.

Patricia M. Giordano, for appellee.

Before CRAIG, President Judge, and McGINLEY, J., and LORD, Senior Judge.

McGINLEY, Judge.

Dawn Floyd (Miss Floyd), a minor, by her mother and natural guardian Rovella Floyd and Rovella Floyd, in her own right (collectively, the Floyds), appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) granting the motion of the Philadelphia Housing Authority (the Authority) for summary judgment and dismissing their complaint. We reverse and remand for trial.

On May 3, 1986, Miss Floyd, an eleven-year-old girl, was seriously injured in an Authority building located at 300 North Busti Street in the City of Philadelphia. Miss Floyd, unable to summon an elevator, tripped and fell over some debris while descending stairs in an unlit fire stairwell.

On April 20, 1988, the Floyds brought suit against the Authority alleging that Miss Floyd's injuries resulted from the Authority's negligence in failing to maintain and properly illuminate the stairwell. The Authority filed an answer and new matter raising the defense of sovereign immunity under 42 Pa.C.S. § 8522. On February 25, 1992, the Authority filed for summary judgment on the ground that there could be no application of the real property exception to sovereign immu-

nity in 42 Pa.C.S. § 8522(b)(4). On June 17, 1992, the trial court granted the Authority summary judgment on the basis that the Floyds failed to demonstrate a defect in real property. The Floyds appeal.

Our scope of review on appeal from a grant of motion for summary judgment is limited to a determination of whether there is an error of law or manifest abuse of discretion. *Mullen v. Borough of Parkesburg*, 132 Pa.Commonwealth Ct. 321, 323, 572 A.2d 859, 860 (1990). Pursuant to Pa.R.C.P. No. 1035, summary judgment may be granted when the moving party is entitled to judgment as a matter of law and when there is no genuine issue of material fact. Such judgment should be granted only where the right is clear and free from doubt. In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen*, 132 Pa.Commonwealth Ct. at 324, 572 A.2d at 860–61.

On appeal, the Floyds contend that the absence of lighting in an ordinary common fire stairwell of a high-rise apartment is a dangerous condition of the real estate within the care, custody and control of the Authority.

In *Peterson v. Philadelphia Housing Authority*, 154 Pa.Commonwealth Ct. 309, 310–314, 623 A.2d 904, 905–906 (1993) (a similar case involving a fall in a darkened Authority stairwell), we noted that our Supreme Court has applied the same standard for construing the real estate exception to sovereign immunity under 42 Pa.C.S. § 8522(b)(4) as is used for construing the real estate exception to governmental immunity under 42 Pa.C.S. § 8542(b)(3). *Peterson*, 154 Pa.Commonwealth Ct. at 310, 623 A.2d at 905. In the present case Floyd alleges that her injuries resulted from the Authority's failure to illuminate the stairwell properly. Floyd contends that the abandoned lighting system in the stairwell constitutes a defect in the real property itself and thus a dangerous condition of the Authority's real estate. In *Peterson* we held that the question of whether inadequate stairwell lighting constitutes a defect in the property itself and a dangerous

condition of the Authority's real property, as contemplated by 42 Pa.C.S. § 8522(b)(4), is expressly a question of fact to be resolved by a trier of fact, and not by the trial court or this Court as a matter of law. This inquiry involves the intent of the Authority when the lighting system was installed, specifically, whether it was intended to become a "fixture." *Peterson*, 154 Pa.Commonwealth Ct. at 312–316, 623 A.2d at 906–907. As in *Peterson*, we hold that the trial court in the present case also erred in ruling as a matter of law that the inadequate lighting in the stairwell is not a defect in the Authority's real property.

The Authority also cites *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989), for the proposition that the absence of artificial lighting constitutes neither a defect of the land itself nor an artificial condition. The Authority's position is untenable. In *Snyder* several people were injured when they fell off a highwall and into a mining pit located approximately twelve feet from a Commonwealth highway. Because the highwall was some distance from the edge of the Commonwealth right-of-way, the Supreme Court held that the absence of lighting on the Commonwealth property was neither an artificial condition of nor defect in the land itself. 522 Pa. at 435, 562 A.2d at 312–13. However, in the present case, the absence of lighting in the fire stairwell *is* clearly on the Authority's property, and the rationale in *Snyder* is not applicable.

■■ The Authority also contends that Floyd's injuries were caused by debris on the stairs discarded by an unknown third party and that pursuant to *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), any harm caused by the acts of others is excluded from the exceptions to immunity. In *Peterson* we addressed this precise issue and referred to our Supreme Court's decision in *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), which holds that a government unit may be subject to liability, despite the presence of an additional tortfeasor, if the government unit's actions constitute negligence concurrent with that of the third party so as to preclude indemnity from the third party. Conversely, if it is determined that the government unit is

vicariously liable, and only secondarily liable for the third party's negligence, then indemnity is not precluded and the real estate exception does not apply. *Peterson*, 154 Pa.Commonwealth Ct. at 314–316, 623 A.2d at 907.

■ In the present case Miss Floyd testified that the stairwell where she fell was without lighting. Miss Floyd's Deposition, October 24, 1991, at 23–28; Reproduced Record (R.R.) at 30a–35a. In fact, Miss Floyd testified that the light fixtures were sealed off or capped. *Id.* at 28–29; R.R. at 35a–36a. Miss Floyd also testified that she was not aware of what she slipped on until after she fell. *Id.* at 31; R.R. at 38a. Clearly, the Authority's alleged capping of the lighting fixtures may constitute negligence concurrent with that of the third party who discarded the trash, rather than vicarious liability secondary to the third party's negligence. Accordingly, the Authority would not be entitled to indemnification and the real estate exception would be applicable. *Crowell.*

As in *Peterson*, we hold that a question of fact exists as to whether the absence of stairwell lighting or the debris on the stairs substantially contributed to Miss Floyd's fall. This determination must be made by a trier of fact rather than decided as a matter of law.

The order of the trial court is reversed and this matter is remanded for trial.

## ORDER

AND NOW, this 18th day of March, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and this case is remanded for trial. Jurisdiction is relinquished.