642 A.2d 595

COUNTY OF ALLEGHENY, Appellant,

v.

Michael FEDUNOK.

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1993.

Decided May 19, 1994.

Pamela G. Cochenour, for appellant.

James R. DePasquale, for appellee.

Before COLINS and FRIEDMAN, JJ., and RODGERS, Senior Judge.

COLINS, Judge.

The County of Allegheny (County) appeals from the June 7, 1993 order of the Court of Common Pleas of Allegheny County (Common Pleas) which vacated its prior order of December 30, 1992 and replaced that order by one which not only denied the County's motion for summary judgment but also certified this interlocutory appeal. This Court granted the County's petition for permission to appeal on August 2, 1993.

Michael Fedunok (Fedunok) filed a complaint against the County alleging that he injured his right knee on July 19, 1991, when he fell while attempting to use a diving board at an outdoor swimming pool owned by the County. The County served a request for admissions on Fedunok, and, after more than thirty days had elapsed after service of that request without a response by Fedunok, the County filed its motion for summary judgment, alleging that governmental immunity applied. The County also alleged that the facts contained in the request for admissions were deemed admitted by Fedunok's failure to respond within thirty days. Those facts included the following: the diving board is attached to the swimming pool by two bolts and can be removed; the diving board can be removed without being destroyed or materially

injured; the diving board is removed during swim meets and after each swim season for a period from shortly after Labor Day to shortly before Memorial Day. On December 30, 1992, Common Pleas denied the County's motion for summary judgment, opining that when a chattel is affixed to realty but can be removed, the intent of the party affixing the chattel to the realty determines whether that chattel is personalty or realty and that summary judgment is not appropriate in situations like the instant matter, where factual issues exist regarding intent. Later, on June 7, 1993, Common Pleas amended its order to allow an interlocutory appeal of its denial of the motion for summary judgment.

 The County recites one statement of question involved, which is "[w]hether the 'real estate' exception to local governmental immunity applies where a diving board on which a plaintiff is allegedly injured is regularly and routinely removed from a county-owned swimming pool." According to the County, this Court's scope of review is plenary, that is, in determining whether summary judgment is proper, this Court applies the same standard that was applied by Common Pleas. We agree. "[W]e note that summary judgment is only appropriate when, after examining the record in favor of the non-moving party, there is no genuine issue of material fact and the movant clearly establishes its entitlement to judgment as a matter of law." *Wilson v. Ridgway Area School District,* 141 Pa.Commonwealth Ct. 617, 620, 596 A.2d 1166 (1991), *petition for allowance of appeal denied,* 530 Pa. 650, 607 A.2d 258 (1992). According to the Pennsylvania Supreme Court,

> [c]hattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty.... Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty.... Third, those which, although physically connected with the real estate, are so

affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable....

*Clayton v. Lienhard,* 312 Pa. 433, 436–37, 167 A. 321, 322 (1933) (citations omitted). This Court has opined that a party's intent as to a chattel is made manifest by that party's conduct. *Wilson.* There is no dispute in the instant matter that the diving board falls within the third class of chattels.

The County argues that the facts which it presented to Fedunok in its request for admissions were deemed admitted pursuant to Pa.R.C.P. No. 4014(b), and, therefore, the question before this Court is one of law. We agree, pursuant to *Canon–McMillan School District v. Bioni,* 127 Pa.Commonwealth Ct. 317, 561 A.2d 853 (1989). Therein, this Court, on direction from the Pennsylvania Supreme Court, decided as a matter of law, that a wood lathe used in a high school industrial arts classroom was personalty and that, therefore, the School District was immune from suit, because the real property exception to governmental immunity did not apply.[1]

■ The undisputed facts in the instant matter are that the diving board at issue is attached to the swimming pool by two bolts and that it can be removed without being destroyed or materially injured, that the diving board is removed during

---

1. Both *Canon-McMillan* and the instant matter can be distinguished from *Peterson v. Philadelphia Housing Authority,* 154 Pa.Commonwealth Ct. 309, 623 A.2d 904 (1993), because both *Canon–McMillan* and the instant matter involve undisputed facts, but in *Peterson,* no fact-finding function had yet been performed. In *Peterson,* the Court of Common Pleas of Philadelphia County had granted the Philadelphia Housing Authority's motion for summary judgment in a tort action wherein there were allegations that the Housing Authority negligently maintained and repaired a stairwell in one of its buildings. *Inter alia,* this Court determined that the questions of whether a missing banister and allegedly inadequate stairwell lighting were defects in real property and were, therefore, dangerous conditions of real estate pursuant to 42 Pa.C.S. § 8522(b)(4), were questions of fact for the trier of fact to determine.

swim meets and after each swimming season, for a period from shortly after Labor Day until shortly before Memorial Day. We hold, as a matter of law, based on these undisputed facts, that the diving board is personalty and that the real property exception to governmental immunity does not apply. The County, therefore, is entitled to entry of summary judgment.

Accordingly, the June 7, 1993 order of Common Pleas is reversed.

## ORDER

**AND NOW,** this 19th day of May, 1994, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed, and that court is directed to enter summary judgment in favor of the County of Allegheny.