## CITY OF YORK

v.

## SCHAEFER TEMPORARY SERVICES, INC., Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1995.

Decided Nov. 20, 1995.

---

Rees Griffiths, for appellant.

Donald B. Hoyt, Assistant City Solicitor, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

McGINLEY, Judge.

Schaefer Temporary Services, Inc. (Schaefer), appeals from an order of the Court of Common Pleas of York County (common pleas court) which granted the motion for summary judgment of the City of York, Pennsylvania (City) and denied the motion for summary judgment of Schaefer.

Schaefer is a Pennsylvania corporation doing business as Manpower Temporary Services with an office located within the City. Schaefer matches employment candidates with businesses in need of temporary help. Once hired by the businesses, Schaefer issues the worker his or her paycheck, and retains no significant control over the worker. Article 345 of the Codified Ordinances of the City of York (ordinance) imposes a ten dollar occupational privilege tax on those who are employed in the city limits. The employer is required to deduct the tax from an employee's first paycheck and if the employee earns less than $2,000.00 per year the employee may seek a refund. If the employer does not deduct the tax from the employee, the employer becomes responsible for the tax.

Schaefer withheld the tax as required for its own office employees, for those temporary workers who actually performed their work

within the city limits, and for those workers who worked in other municipalities which imposed an occupational privilege tax. Schaefer did not, however, withhold a tax for those temporary employees who performed work for businesses located outside of the City in municipalities which did not impose a tax.

On October 14, 1993, the City brought this action to recover alleged occupational privilege tax delinquencies from Schaefer. Schaefer filed an answer and a counterclaim alleging a violation of its civil rights. Both Schaefer and the City filed motions for summary judgment and in an opinion and order dated December 27, 1994, the common pleas court granted the City's motion and denied Schaefer's. Schaefer appeals.

On appeal, Schaefer argues that the common pleas court erred in granting summary judgment in favor of the City and presents three issues for our review. Schaefer asserts that the common pleas court erred in finding that Schaefer was subject to the ordinance as an "employer". Second, Schaefer argues that the common pleas court erred in finding that occupational privilege taxes were due on occupations performed outside the City limits. Finally, Schaefer contends that the common pleas court erred in applying the occupational privilege tax to people who earn less than $2,000.00 per year.

A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). Further, our scope of review when examining an order granting summary judgment is limited to determining whether the lower court committed an error of law or abused its discretion. *DeRitis v. City of Philadelphia*, 136 Pa.Cmwlth. 244, 582 A.2d 738 (1990). In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen v. Borough of Parkesburg*, 132 Pa.Cmwlth. 321, 572 A.2d 859, 860–861 (1990).

Initially, Schaefer argues that the common pleas court erred in finding Schaefer is subject to the ordinance as an "employ-er". The City asserts that since Schaefer contracts with businesses that need temporary help, supplies workers to do those jobs, invoices the businesses for the hours worked by the employees including a mark-up for profit, and then pays the worker gross wages minus FICA, Federal, State, and County withholding taxes, then Schaefer is an employer.

We note that Section 345.05 of the ordinance imposes a duty on employers to collect an occupational privilege tax from its employees and submit it to the City. Section 345.05 specifically states:

Each employer within the City as well as those employers situated outside the City but who engage in business within the City, is hereby charged with the duty of collecting from each of his employees engaged by him and performing for him within the City, the tax of ten dollars ($10.00) per year and making a return and payment thereof to the Treasurer. It shall be the duty of the employer to deduct ten dollars ($10.00) from the first pay of each employee in the beginning of each calendar year or at such time that the employee becomes employed, whether such employee is paid by salary, wages or commission and whether or not part or all such services are performed within the City.

Further, Section 305.1(a) of the ordinance defines an employer as, "an individual, partnership, association, corporation, governmental body, agency or other entity employing one or more persons on salary, wage, commission or other compensation basis, including self-employed person."

Here, it is undisputed that Schaefer is the entity that physically prepares the paycheck and pays the temporaries their wages. At issue, then, is whether Schaefer "employs" the workers.

We find that Schaefer does employ the individuals and accordingly, had a duty to deduct the occupational privilege tax. We recognize that Schaefer does not maintain supervisory control or determine whether a temporary employee is hired or discharged. Schaefer does, however, exercise preliminary control over who gets to be a temporary employee because Schaefer determines who

goes to the interview. Further, Schaefer receives its income from the companies who contract for Schaefer's service, and Schaefer issues the paychecks and deducts FICA, Federal and State withholding and occasionally, County withholding taxes. Accordingly, Schaefer's argument fails.

■ Next, Schaefer asserts that the common pleas court erred in finding that occupational privilege taxes were due on occupations performed outside the City limits. The City argues that it does not matter where the work is performed, but where the employer has its place of business. Schaefer asserts that the plain wording of the ordinance is that occupational privilege taxes are due when work is performed inside the City limits. We agree.

Section 345.02 of the Ordinance states:

TAX LEVIED

The City hereby levies and imposes on each *occupation* engaged in by individuals *within its corporate limits* during the fiscal year an occupation privilege tax.... (emphasis added).

Section 345.01 defines "occupation" as:

any trade, profession, business or undertaking of any type, *within the corporate limits of the City* for which compensation is charged or received whether by means of salary, wages, commissions or fees for services rendered. (emphasis added).

Further, Section 345.05 states:

DUTY OF EMPLOYERS

Each employer within the City as well as those employers situated outside the City but who engage in business within the City, is hereby charged with the duty of collecting from each of his employees engaged by him *and performing for him within the City,* ... (emphasis added).

Accordingly, we conclude that the tax may only be imposed on that work conducted within the corporate limits of the City.

■ Finally, Schaefer asserts that the common pleas court erred in approving occupational privilege taxes on people who earned less than $2,000.00 per year. Section 345.13 of the ordinance governs refunds and states:

(a) Refunds of the occupation privilege tax will, under normal circumstances, not be considered until after the close of the tax year, where such refund is based upon the claim that the taxpayer did not earn two thousand dollars ($2,000) or more by employment within the City as provided in Section 345.11(b).

(b) Refund claims based upon non-earning of two thousand dollars ($2,000) or more within the City must be accompanied by appropriate documentary evidence, such as W–2's or a statement from the employer where the W–2 issued contains both earnings within and outside the City.

In light of Section 345.05's requirement that the employer deduct the tax from the first paycheck of the employee in the beginning of each calendar year, we find that the common pleas court did not err and Schaefer's argument fails.

Accordingly, we affirm the order of the common pleas court in part and reverse the order of the common pleas court only insofar as it grants tax delinquencies to the City for workers who performed services entirely outside the city limits.

***ORDER***

AND NOW, to wit, this 20th day of November, 1995, the order of the Court of Common Pleas of York County at No. 93–SU–04401–01, and dated December 27, 1994, is reversed to the extent that it imposes a ten dollar tax on Schaefer Temporary Services, Inc. for each worker who was employed entirely outside of the city limits and judgment is entered in favor of Schaefer on this issue.

The common pleas court's order is affirmed in all other respects.