**Fred MICKLE**

v.

**CITY OF PHILADELPHIA, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 1995.

Decided Jan. 4, 1996.

Rescue Van, Engine No. 24 (Van). While en route to the University of Pennsylvania Hospital, the dual wheels on the left rear of the Van came off. As a result the Van shifted severely and Mickle sustained serious injuries to his neck and back.

On February 6, 1992, Mickle filed a civil action against the City seeking compensation for his injuries. In his complaint, Mickle alleged the City was negligent for:

> (a) Failing to maintain its motor vehicle and keep it in a safe and working condition;
>
> (b) Failing to make timely inspections of its motor vehicle;
>
> (c) Allowing its motor vehicle to be driven in a defective and dangerous condition;
>
> (d) Operating its motor vehicle without properly installed wheels, brakes, lights and other safety appliances in proper operating order and failing to utilize same as required by the circumstances;
>
> (e) Failing to be alert to the conditions of the road on which defendant driver was operating the vehicle;
>
> (f) Failing to observe the conditions on the road where the vehicle was travelling;
>
> (g) Failing to keep a reasonable lookout for hazardous conditions on the road.

> 10. This accident resulted solely from the negligence and recklessness of the defendant, acting by its agents, servants and employees herein, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

Complaint, February 6, 1992, Count One, paragraphs 9a-g and 10.

After discovery and conference the parties stipulated to the following:

> 5. There was nothing negligent about the manner in which the firefighter actually drove/operated the fire rescue vehicle in which plaintiff was a passenger. . . .
>
> 6. The City of Philadelphia was responsible for the maintenance and repair of the fire rescue vehicle in which plaintiff was a passenger. . . .

Alan C. Ostrow, Deputy City Solicitor, for appellant.

Paul J. Drucker, for appellee.

Before McGINLEY and FRIEDMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

This is an appeal by the City of Philadelphia (City) from an order of the Court of Common Pleas of Philadelphia County (common pleas court) entering summary judgment in favor of Fred Mickle (Mickle).

On February 14, 1990, Mickle experienced chest pains and went to the City's fire station located at 20th and Federal Streets for assistance. Mickle was placed in a City Fire

7. On February 14, 1990, while the plaintiff was a passenger in a fire rescue vehicle which was in operation and being driven by the agent of the defendant, the City of Philadelphia, the left rear dual wheels of said vehicle came off, causing injuries to the plaintiff.

8. The cause of the rear wheels coming off the fire rescue vehicle was negligent maintenance and repair of said vehicle by the City of Philadelphia.

Stipulation of Facts, Appendix A, Certified Record. The City filed a motion for summary judgment asserting that it is immune from suit pursuant to Section 8542(b)(1) of the Judicial Code (Code), 42 Pa.C.S. § 8542(b)(1).

Mickle filed a cross-motion for summary judgment asserting that governmental immunity does not apply. The common pleas court entered summary judgment in favor of Mickle, concluding:

Simply stated, Pennsylvania courts require a causal connection between a plaintiff's injuries and some movement associated with the vehicle itself. Here, the vehicle was in motion when plaintiff was injured. Indeed, Mickle's injuries resulted from the movement (shifting and falling to the ground) of the vehicle once the wheels detached. Even though the fire fighter who was driving the ambulance was not negligent, under the prevailing law the 'motor vehicle' exception still applies. The Supreme Court requires only that the vehicle be in motion, as per its definition of 'operation.' There is no requirement that the operator or any attending sovereign/local agency employee act negligently at that specific time.

Opinion of the Common Pleas Court, March 15, 1995, at 7–8.

■ On appeal the City contends that it is entitled to summary judgment because the alleged negligence involved the maintenance and repair of the Van and did not occur during the operation of the Van.[1]

■ Initially, the City asserts that the vehicle exception to governmental immunity only applies to the operation of the vehicle. The City maintains that negligent maintenance and repair of a vehicle is not the operation of a vehicle and that liability attaches only where the vehicle is negligently operated.

Section 8542 of the Code, 42 Pa.C.S. § 8542 provides:

(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property ... if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damage would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having an available defense under section 8541 (relating to governmental immunity generally) or section 8546 ... and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b).

(b) **Acts which may impose liability.**— The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto....

■ In reviewing Section 8542(a) and (b) of the Code this Court stated that "[a] claimant seeking to impose liability on a local

---

1. Our scope of review on appeal from a grant of a motion for summary judgment is limited to a determination of whether there is an error of law or manifest abuse of discretion. *Mullen v. Borough of Parkesburg,* 132 Pa.Cmwlth. 321, 572 A.2d 859, 860 (1990). Pursuant to Pa.R.C.P. No. 1035, summary judgment may be granted when the moving party is entitled to judgment as a matter of law and when there is no genuine issue of material fact. Such judgment should be granted only where the right is clear and free from doubt. In making this determination the trial court must examine the record in the light most favorable to the non-moving party. *Mullen,* 572 A.2d at 860–61.

agency has the burden of establishing ... a common law or statutory cause of action ... against the local agency as a result of a negligent act ... and ... that the negligent act falls within one of the eight exceptions enumerated in subsection 8542(b) of the Judicial Code, 42 Pa.C.S. § 8542(b). *Santori v. Snyder,* 165 Pa.Cmwlth. 505, 645 A.2d 443, 446–47 (1994).

In *Love v. City of Philadelphia,* 518 Pa. 370, 375, 543 A.2d 531, 533 (1988) [2] our Pennsylvania Supreme Court has stated that the word "operation" in Section 8542(b)(1) means actually putting the motor vehicle "in motion." *Id.* at 375, 543 A.2d at 533.

In *Sonnenberg v. Erie Metropolitan Transit Authority,* 137 Pa.Cmwlth. 533, 586 A.2d 1026 (1991) Joan Sonnenberg was injured when she was struck by the rear door of a bus owned and operated by Erie Metropolitan Transit Authority (EMTA) as she exited. The issue before this Court was whether the physical movement of certain parts of a motor vehicle constituted the "operation of" the vehicle. In determining that the common pleas court erred in entering summary judgment in favor of EMTA we noted:

> The movement of parts of a vehicle, or an attachment to a vehicle is sufficient to constitute 'operation.' Moreover, the bus driver's closing of the bus doors is an act normally related to the 'operation' of a bus. *Vogel [v. Langer,* 131 Pa.Cmwlth. 236, 569 A.2d 1047 (1990).[3] We must conclude, therefore, that EMTA's bus was in "operation" when the bus door struck Sonnenberg.

*Id.* at 1028. Finally, in *The First National Bank of Pennsylvania v. Babcock,* 148 Pa. Cmwlth. 158, 609 A.2d 911 (1992) this Court held that movement of the vehicle or a part of that vehicle must cause the injury.

 In the present controversy, the parties stipulated that the Van was owned by the City, operated by a City employee, and that the City was responsible for the Van's maintenance. The parties also stipulated that Mickle was injured while a passenger in the Van and that the Van was in operation at the time of the accident. The trial court found the negligent conduct performed on behalf of the City in maintaining and repairing the Van resulted in the wheels coming off and concluded the City's negligence was a substantial factor in causing Mickle's injuries.[4] We believe the trial court correctly reasoned that there is no requirement that the Van be negligently operated at the specific time the injury occurred. As the trial court incisively noted, the Supreme Court has stated that under Section 8542(b)(1) of the Code there is liability when the injury occurs as the result of the operation of the vehicle, not necessarily the negligent operation of the vehicle.

We agree with the common pleas court that Mickle has stated a cause of action within the vehicle exception to governmental immunity.

Accordingly, the decision of the common pleas court is affirmed.

### *ORDER*

AND NOW, to wit, this 4th day of January, 1996, the order of the Court of Common Pleas of Philadelphia County at No. 812, February Term 1992, dated March 15, 1995, is affirmed.

**2.** Catherine Love fell while "alighting" from a van owned and operated by the City of Philadelphia. The Pennsylvania Supreme Court addressed the issue of whether the act of entering or alighting from a motor vehicle constitutes operation of a vehicle under Section 8542(b)(1).

**3.** In *Vogel* this Court stated that "temporary stops are acts normally related to the operation of a motor vehicle" and that waiving another motorist into an intersection also constituted an operation of a vehicle. *Id.* at 1048.

**4.** As noted earlier the trial court stated that under the motor vehicle exception Pennsylvania courts require a "causal connection" between the injuries sustained and some movement associated with the vehicle itself. "The actor's negligent conduct is a legal cause of harm to another if ... his conduct is a substantial factor in bringing about the harm...." Restatement (Second) of Torts § 431 (1965). The term "substantial" is used "to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause...." Restatement of Torts § 4431 cmt. a.