## Reed v. Fayette County Housing Authority

*Mary Lenora Hajduk,* for plaintiffs.
*Anthony W. Hinkle,* for defendant.

SOLOMON, *J.,* July 22, 1996—Before the court is the motion of the defendant, Fayette County Housing Authority, for judgment on the pleadings, made pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure, contending that the complaint fails to state a cause of action and that there is no genuine issue as to any material fact.

## STATEMENT OF THE CASE

In their complaint, the plaintiffs, Derek Reed, a minor, by and through his parent, Terri Reed, alleged that the minor plaintiff fell down a stairwell located on property owned or controlled by the Fayette County Housing Authority. The plaintiffs further alleged that the stairwell was not fenced and was not protected by either a railing or other enclosure, thereby creating a "defective and dangerous condition."

The defendant, in its answer and new matter, denied any breach of duty to the plaintiffs, admitted its status as a public housing authority, and claimed all the immunities and protections afforded such agencies by the Pennsylvania Sovereign Immunity Act, 42 Pa.C.S. §8522 et seq.

Thereafter, the defendant filed this motion for judgment on the pleadings, and oral argument was held.

## DISCUSSION

A motion for judgment on the pleadings is in the nature of a demurrer. Thus, a judgment on the pleadings may only be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Gallo v. J.C. Penney Casualty Insurance Co.,* 328 Pa. Super. 267, 476 A.2d 1322 (1984). In determining whether there is a dispute as to the facts, the court must confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa. Super. 537, 456 A.2d 1066 (1983). Additionally, the court must accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which are specifically admitted. *Steiner v. Bell of Pennsylvania,* 426 Pa. Super. 84, 626 A.2d 584 (1993). Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Jones v. Travelers Insurance Co.,* 356 Pa. Super. 213, 514 A.2d 576 (1986).

Initially, we address the defendant's contention that the complaint fails to state a cause of action. We note that as a Commonwealth agency, any claimed negligence

on the part of the defendant must be examined within the context of the Pennsylvania Sovereign Immunity Act, 42 Pa.C.S. §8521 et seq. The Act generally provides immunity from suit to Commonwealth agencies such as the instant defendant. 42 Pa.C.S. §8521(a). However, section 8522 of the Act provides exceptions to sovereign immunity and sets forth those acts which may impose liability.

The test to determine whether immunity is waived under the Act is two-pronged, that is, a plaintiff must meet the requirements of both sections 8522(a) and (b). Under section 8522(b), some seven acts by a Commonwealth party may result in the imposition of liability, if, as provided for under section 8522(a), damages arise out of a negligent act where damages would be recoverable under the common law if the injury was caused by a person to whom sovereign immunity was not applicable. 42 Pa.C.S. §§8522(a) and (b).

Instantly, the plaintiffs allege that the defendant was a landlord who negligently permitted a dangerous and defective condition, which ultimately caused plaintiff's injuries, to exist. In its motion, the defendant contends that such averments fail to state a cause of action. We disagree. In this Commonwealth, "a landlord is liable to a lessee and others lawfully on the premises for physical harm caused by a dangerous condition in a part of the premises over which the landlord retains control if by the exercise of reasonable care the landlord could have discovered the condition and risk involved, and made the condition safe." *Pierce v. Philadelphia Housing Authority,* 337 Pa. Super. 254, 257, 486 A.2d 1004, 1005 (1985). Therefore, when considering the present pleadings in a light most favorable to the non-moving party, the plaintiffs, it is clear that the plaintiffs have pled an action which satisfies section 8522(a).

Having determined that the plaintiffs have sufficiently pled an actionable claim at common law, we must now determine whether that claim falls within one of the exceptions to governmental immunity. The plaintiffs rely on the real estate exception set forth in section 8522(b)(4). That section bars the Commonwealth from raising the defense of sovereign immunity to claims for damages caused by *"a dangerous condition of Commonwealth agency real estate and sidewalks."* 42 Pa.C.S. §8522(b)(4). (emphasis added) Consequently, the issue in dispute is whether plaintiff's injuries were caused by a dangerous condition of the real estate itself. *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989).

The defendant maintains that the unguarded stairwell was not a dangerous condition, and that, alternatively, the plaintiff's injuries were not actually caused by the condition itself, and thus seeks judgment on the pleadings. Our Commonwealth Court has addressed this issue and found that the issue of whether a plaintiff's injury was the result of a defect in the real property itself was a question of fact so as to preclude summary judgment. *Peterson v. Philadelphia Housing Authority,* 154 Pa. Commw. 309, 623 A.2d 904 (1993).

In *Peterson,* the issue was whether a missing stairway banister and inadequate lighting were fixtures and whether either of them substantially contributed to the plaintiff's fall and resulting injuries. The court noted that although a stairwell banister and stairwell lighting system are physically integrated and installed so as to be permanent, the intended use of the property by the parties remains a question for the triers of fact, thereby precluding the court from determining, as a matter of law, whether or not plaintiff's injuries arose as contemplated by the real property exception to sovereign immunity. *Id.;* see also, *Floyd v. Philadelphia*

*Housing Authority,* 154 Pa. Commw. 303, 623 A.2d 901 (1993) (holding that the issue of whether inadequate lighting in a stairwell was a defect in real property was a fact question precluding summary judgment). Also, what constitutes a dangerous condition is one of fact. *Bendas v. Township of White Deer,* 531 Pa. 180, 611 A.2d 1184 (1992).

Thus, it is apparent that, at this stage of the proceedings, disputed questions of material fact exist. Hence, the defendant's motion for judgment on the pleadings must be denied.

Wherefore, we will enter the following order.

### ORDER

And now, July 22, 1996, it is hereby ordered and directed that the motion of the defendant for judgment on the pleadings is denied.