## Bennett v. Boal

C.P. of Dauphin County, no. 5499 S 1996.

*Ronald L. Wolfe and Martina W. McLaughlin,* for plaintiff.

*Thomas J. Williams III,* for defendants Boal, Hanks, and Orthopedic Institute

*Thomas J. Bradley,* for defendant Grandview

*Craig A. Stone* and *Kathleen D. Yaninek,* for defendant Holy Spirit Hospital.

BEFORE: TURGEON, LEWIS AND HOOVER, *JJ.*

LEWIS, *J.,* April 29, 1999—This action arises out of a surgical procedure performed on plaintiff Renee Bennett at Grandview Surgery and Laser Center on June 14, 1996. On that date, plaintiff had arthroscopic surgery performed on her right knee which involved reconstruction. The surgery was performed by defendants Dr. Gregory Hanks and Dr. Richard Boal. Complications arose during the surgery and plaintiff was transferred to Holy Spirit Hospital that same day. Additional surgery on plaintiff's right leg performed at Holy Spirit Hospital was not successful in re-establishing continuity of the nerve.

Following the surgery, plaintiff developed a deep vein thrombosis requiring inpatient hospitalization and anticoagulation therapy. After discharge, she began to experience significant pain in the right leg which was diagnosed as neuropathic pain. Plaintiff was treated with medication but ultimately had to undergo additional surgery in an attempt to repair the nerve. This surgery was also unsuccessful and plaintiff continues to have significant pain and loss of sensation in the right lower extremity.

Defendant Grandview Surgery and Laser Center is an ambulatory surgical facility limited to the performance of outpatient surgical procedures. Defendants Hanks and Boal were two of the physicians that had surgical privileges at the facility. Each physician was permitted to perform surgical procedures at the center and neither physician was an employee nor drew any salary from the facility. They were limited partners in the facility as of the date of plaintiff's surgery and each owned 1.6250 percent of the outstanding shares of the partnership. Each

physician received a quarterly dividend check for an equal amount of money. There was no relationship between the number of surgical procedures performed at the facility and the amount of compensation in terms of a quarterly dividend received by each physician. Both defendants argue that they were independent contractors of the facility.

Plaintiff initiated her action by filing a writ of summons on November 26, 1996. Thereafter, defendant Grandview Surgery and Laser Center's motion for summary judgment was filed on December 14, 1998. Presently, the center contends that it is not vicariously liable for any alleged malpractice on the part of Dr. Hanks and Dr. Boal. Therefore, it argues that summary judgment should be granted.

## DISCUSSION

The standard of review for summary judgment is well-settled. Summary judgment shall be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2; *Coleman v. Coleman,* 444 Pa. Super. 196, 663 A.2d 741 (1995). An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. *Johnson v. Harris,* 419 Pa. Super. 541, 615 A.2d 771 (1992). In determining whether to grant a motion for summary judgment, the trial court must examine the record in a light most favorable to the nonmoving party. *City of York v. Schaefer Temporary Services Inc.,* 667 A.2d 495 (Pa. Commw. 1995).

Defendant argues that an employer is not liable for torts committed by an independent contractor in his employ. *McDonough v. U.S. Steel Corporation,* 228 Pa. Super. 268, 324 A.2d 542 (1974). However, Pennsylvania courts have recognized an exception to this rule involving independent contractor physicians where there is evidence that the physician is the ostensible or apparent agent of the hospital. Restatement (Second) of Torts §429 (1965). In resolving the ostensible agency issue with regard to an independent contractor physician, the courts have examined two factors: (1) whether the patient looks to the institution, rather than the individual physician for care; and (2) whether the hospital "holds out" the physician as its employee. *Capan v. Divine Providence Hospital,* 287 Pa. Super. 364, 430 A.2d 647 (1980).

In *Capan,* an independent contractor physician was found to be the ostensible agent of the hospital. In that case, plaintiff was admitted to the defendant hospital through the emergency room for treatment of a severe nose bleed and defendant physician was called on to respond to the emergency. While in the hospital, plaintiff became delirious and violent. Defendant physician administered a series of drugs to plaintiff in an attempt to calm him but he subsequently died of cardiac arrest. The court in *Capan* held that it was error for the lower court not to instruct the jury on a theory of ostensible agency. *Id.,* 287 Pa. Super. at 370, 430 A.2d at 650. The court noted that the defendant physician had treated plaintiff in his capacity as house physician and that the hospital held out the physician as its employee by providing his services for dealing with emergencies within the hospital. *Id.*

In the present case, an analysis of the two factors set forth by the court in *Capan* leads to the conclusion that there is no evidence of ostensible agency. With regards to the first factor of whether the patient looks to the institution rather than the individual physician for care, there is no evidence that plaintiff initially contacted defendant Grandview Surgery and Laser Center and sought medical advice or a referral to a physician. The situation in the instant case differs from *Capan,* where the plaintiff contacted the defendant hospital seeking treatment before that plaintiff began a relationship with the physician.

In addition, all preoperative and postoperative care was performed at the office of the defendant physicians rather than at Grandview Surgery and Laser Center. An analysis of the second factor of whether the hospital "holds out" the physician as its employee also shows no ostensible agency. Grandview Surgery and Laser Center did not hold out either physician as an employee. Both physicians were passive investors in the surgery center partnership and were not involved in the management of the center.

Plaintiff contends that summary judgment should be denied because the claim against defendant should not be based on ostensible agency but rather on the theory of respondeat superior. Plaintiff claims that the center is liable pursuant to section 8325 of the General Partnership Act, which provides:

"Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner of the partnership, or any penalty is incurred, the partner-

ship is liable therefor to the same extent as the partner so acting or omitting to act." 15 Pa.C.S. §8325.

This statute sets forth a cause of action derived from the respondeat superior theory of recovery which places the partnership in the position of an insurer, and guarantees that the innocent third party injured by the wrongful act or omission of the partner will not bear the loss. See Levy v. First Pennsylvania Bank N.A., 338 Pa. Super. 73, 487 A.2d 857 (1985).

Plaintiff argues that she has set forth a valid cause of action against the defendant partnership for the wrongful acts or omissions of its partners under the applicable statutory law. She first contends that the surgical procedure was performed by defendant partners in the ordinary course of Grandview Surgery and Laser Center's business. Second, she maintains that the co-partners of defendant physicians allegedly authorized these physicians to perform the surgery by granting privileges to these doctors and by setting forth rules and regulations specifying the types of outpatient procedures that could be performed at the center.

However, this court finds that neither of the physicians were actual agents of Grandview Surgical and Laser Center. Neither physician was an employee of the center nor did they draw a salary from it. Finally, defendant argues that the physicians were not acting in the ordinary course of the partnership because, while performing surgery, neither was acting in his capacity as a limited partner.

Accordingly, the following is entered:

## ORDER

And now, April 29, 1999, it is hereby ordered that defendant Grandview Surgery and Laser Center's motion for summary judgment is granted.