**Carlino v. Bartley**

C.P. of Butler County, nos. 98-10902, 98-10422.

*Alan Hertzberg,* for plaintiff Carlino.
*Rebecca N. Mann,* for defendant Prell.
*Peter B. Skeel,* for defendant Paul Bartley.
*Peter B. Skeel* and *Regis J. Moeller,* for defendant Lisa Bartley.
*Lee A. Montgomery,* for defendant Seven Fields Borough.
*Thomas A. Donovan* and *Brian S. Roman,* for defendant Bonus.
*Scott D. Cessar* and *Heather E. Rennie,* for defendants McIlhargery and Legz Trucking Co. Inc.

HORAN, *J.,* September 12, 2000—And now, before this court for consideration is defendant Lisa Bartley's

motion for summary judgment. Kevin Bonus, Kathleen Prell, Michael McIlhargery, Legz Trucking Co. and Seven Fields Borough joined the motion. For the reasons set forth below, said motion is denied.

## FACTUAL BACKGROUND

On September 23, 1998, plaintiff Amanda Carlino filed a complaint against Lisa Bartley, Kevin Bonus, and Seven Fields Borough, alleging negligence from a multi-vehicle accident that occurred on July 9, 1997. Carlino was a passenger in a vehicle being operated by Lisa Bartley. The initial collision involved the vehicle driven by Bartley and a vehicle driven by Kevin Bonus. A second collision involved the Bartley vehicle and a vehicle driven by Kathleen Prell.

Lisa Bartley filed responsive pleadings asserting cross-claims against Bonus, Prell and Seven Fields. Seven Fields filed responsive pleadings joining Legz Trucking and Michael McIlhargery as additional defendants and asserting cross-claims against Bartley, Bonus and Prell. Kathleen Prell filed responsive pleadings asserting cross-claims against Bonus, Bartley and Seven Fields, incorporating by reference certain paragraphs from Bartley's complaint. Kevin Bonus filed responsive pleadings asserting cross-claims against Bartley, Prell, and Seven Fields Borough. Legz Trucking Co. and Michael McIlhargery filed responsive pleadings asserting cross-claims against Seven Fields Borough, Lisa Bartley, Kevin Bonus and Kathleen Prell.

On July 9, 1999, Lisa Bartley filed a motion for summary judgment requesting that the plaintiff's complaint be dismissed with prejudice. Bartley asserts that Carlino was covered under the limited tort option pursuant to the Flagship policy owned by her mother, Linda Carlino.

4

Bartley argues Carlino is not an "insured" under her grandparents, Lloyd and Betty Griffiths', Erie Insurance policy because Carlino was not a resident relative of her grandparents at the time of the accident. Carlino was not a "named insured" under her grandparents' policy. She was listed on said policy as an operator of the vehicle. Only Betty and Floyd Griffith are the "named insureds" identified on the declaration page. As such, Bailey maintains that Carlino is not an insured under the Erie policy and she may not claim full tort benefits thereunder.

Bartley argues that on July 9, 1997, the date of the accident, Carlino was added as a listed driver to her mother, Linda Carlino's, Flagship Insurance policy. (Supplemental affidavit of Amanda Carlino, no. 1.) Bartley maintains that Carlino was insured under her mother's Flagship policy, and that she is therefore bound by the limited tort options of that policy. As an insured under a limited tort policy, Carlino may not claim noneconomic losses unless she suffered "a serious injury," or she demonstrates that her injuries were disabling or disruptive to her normal daily activities. Bartley asserts that the evidence does not establish either circumstance. As such, Carlino should be precluded from seeking noneconomic damages.

In response to Bartley's motion, plaintiff Carlino first argues that she had full tort coverage at the time of the accident as a named insured under her grandparents, Floyd and Betty Griffiths' policy. Carlino argues that she was living with her grandparents at the time their insurance policy began and that her grandparents included her as a driver to be covered. Carlino concedes that she was not residing with them at the time of the accident. She contends that the term "named insured" is not defined in her grandparents' Erie Insurance policy.

She argues that the terms of the policy are ambiguous such that they should be read liberally and construed against the insurer, Erie Insurance Company. Such construction would afford her full tort benefits under her grandparents' policy.

Secondly, she alleges that, even in the event of limited tort coverage, there is abundant evidence to establish that her injuries were serious, disabling and disruptive to her normal daily activities.

Next, Carlino states that she was not a named insured under the policy insuring the vehicle in which she was an occupant, *i.e.* the Bartley vehicle. As such, she argues that 75 Pa.C.S. §1705(b)(2) applies, to provide full tort coverage.

Finally, Carlino avers that the party who was responsible for disabling a traffic light at the site of the accident, *i.e.* Legz Trucking Co. and Michael McIlhargery, were operating a vehicle, which was registered in another state. As such, under 75 Pa.C.S. §1705(d)(1)(ii), even if it is determined that she had limited tort coverage, she may be entitled to full tort coverage. Carlino requests leave to amend her complaint to aver that she has full tort coverage and for leave to file an answer asserting liability against Legz Trucking Co. and Michael McIlhargery.

## DISCUSSION

In determining which insurance policy provides coverage for Carlino and thus whether she is entitled to full tort or limited tort remedies, this court must interpret the language of the statute and the respective insurance policies. "Insured" and "named insured" are clearly defined by the Motor Vehicle Financial Responsibility Law. The

pertinent part of the MVFRL defines "insured" as "any individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured; or (2) a minor in the custody of either the named insured or relative of the named insured." "Named insured" is defined as "any individual identified by name as an insured in a policy of private passenger motor vehicle insurance." 75 Pa.C.S. §1705(f). A basic tenant of statutory construction is to afford the words of a statute their plain meaning. 1 Pa.C.S. §1903(a). When words of a statute are unambiguous, they cannot be disregarded. *Lewis v. Erie Insurance Exchange,* 753 A.2d 839, 842 (Pa. Super. 2000). The above statutory definitions are clear and preclude ambiguity.

With regard to the language of the insurance policies, the court, as a matter of law, determines the existence of ambiguity in contracts. *Herr v. Grier,* 448 Pa. Super. 216, 220, 671 A.2d 224, 226 (1995). In *Herr* the court opined that a contract is ambiguous if it is "reasonably susceptible of different constructions." *Id.* at 220, 671 A.2d at 226. It is not reasonable that the terms "insured" and "named insured" should be given any definition other than that provided by the MVFRL, unless specifically stated and defined in said insurance policy. Carlino's grandparents' Erie policy provides that "named insured" means the subscriber and others named in item I on the declarations. Except in the General Policy Conditions section, these words "include the spouse of the subscriber if a resident of the same household." (Erie policy, p. 4.) Carlino was not listed on page 1 of the declarations. The Erie policy definition of "named insured" is consistent with the definition provided in the MVFRL. No ambiguity exists as to the meaning of said term. "Insured" is not specifically defined in the Erie policy. Accordingly,

this court shall afford said term the definition provided in the MVFRL, to wit, "any individual residing in the household of the named insured who is: (1) a spouse or other relative of the named insured; or (2) a minor in the custody of either the named insured or relative of the named insured."

At the time of the accident, Carlino was a resident relative living with her mother, Linda Carlino. Linda Carlino was the named insured on a limited tort insurance policy issued to her by Flagship Insurance Company. Pursuant to 75 Pa.C.S. §1705(f), plaintiff Carlino, as a resident relative of a named insured, is considered an "insured" under the Flagship policy. Floyd and Betty Griffith, Carlino's grandparents, were the only subscribers named in item I on the declarations page of the Erie policy, and as such they were the named insureds. Carlino was not listed in item I of the declarations page of her grandparents' Erie policy, nor was she a resident relative of her grandparents at the time of the accident. Thus, Carlino was not a named insured under either Erie policy's definition of named insured or the definition provided in the MVFRL. Plaintiff Carlino has the same limited tort option as the named insured on the policy issued to the relative with whom she resided; *i.e.* her mother, Linda Carlino.

As to the nature of Carlino's injuries as they relate to limited tort coverage, in *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733 (1998), the Supreme Court addressed the question of the nature of the trial course evaluation of a motion for summary judgment based on the contention that the plaintiff has not suffered a serious injury. The court concluded that the threshold determination of whether a serious injury has been sustained is to be decided by the jury unless reasonable minds could not dif-

fer on the question. Section 1702 of the MVFRL defines "serious injury" as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." In *Hames ex rel. Hames v. Philadelphia Housing Authority,* 737 A.2d 825 (Pa. Commw. 1999), the court opined that inquiry is limited to (a) which body function was impaired and (b) whether, the impairment was serious. *Id.* at 828. Furthermore the court opined that the impairment need not be permanent to be serious.

Plaintiff Carlino contends that she was hospitalized for six days following the accident wherein she sustained a fractured vertebral bone, with a fragment that separated from the rest of the bone and other injuries to her back. In her affidavit in opposition, Carlino stated that she was not able to get out of bed or walk during her six days of hospitalization. She also contends she suffered headaches, bruising, permanent misalignment of the spine, permanent lifting and activity restrictions, narrowing of the spinal disc space and bony fragments extending from the spine. She wore a back brace for six months. Physical therapy was recommended but Carlino did not have insurance for physical therapy, and as such, she did not receive the same. Furthermore, Carlino was prohibited from working at her sedentary part-time job for two months following the accident. At the time of filing the complaint, September 1998, which was over a year after the accident, she was unable to engage in recreational sports that involved strenuous activity, ride amusement park rides or sit for long periods of time. Additionally, the record contains medical testimony that she may need surgery in the future, that her spine shows degenerative disc disease in the area of her previous fracture, that she evidences arthritic changes, and that at the location of the fracture her spine is bent irregularly forward and side-

ways. Carlino avers that she continues to suffer back and hip pain three to four times a week.

The grant of a motion for summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment can be granted only in cases that are clear and free from doubt. Additionally, the record must be examined in the light most favorable to the non-moving party. See *Floyd v. Philadelphia Housing Authority*, 154 Pa. Commw. 303, 623 A.2d 901 (1993) and Pennsylvania Rule of Civil Procedure 1035.2. Parties seeking to avoid summary judgment must show by specific facts in the depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of a material fact. *Hames*, 737 A.2d at 828 n.4, citing *Sovich v. Shaughnessy*, 705 A.2d 942 (Pa. Commw. 1998).

Bartley argues that there is no evidence of record to support Carlino's contention of serious injury. However, careful review of the record as a whole, including all the pleadings, depositions, answers to interrogatories, exhibits and affidavits, indicate that a genuine issue of material fact exists as to whether or not she suffered a serious impairment of a body function. Reasonable minds could differ on this matter, and it is therefore a matter for jury determination. See *Washington v. Baxter, supra.* As such, defendant Lisa Bartley's motion for summary judgment, joined by Kevin Bonus, Kathleen Prell, Michael McIlhargery, Legz Trucking Co. and Seven Fields Borough is denied.

Carlino also argues that she was not a named insured under the policy insuring the Bartley vehicle in which she was an occupant, such that 75 Pa.C.S. §1705(b)(2) affords her full coverage. Section 1705(b)(2) provides as follows:

"The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise."

Linda Carlino, plaintiff Carlino's mother was the named insured on the Flagship policy and she selected the limited tort option. This limited tort option, pursuant to section 1705(b)(2), shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under another private passenger motor vehicle policy. Plaintiff Carlino is an insured under her mother's Flagship policy and is not a named insured under another policy. As such the limited tort selected by Linda Carlino applies to plaintiff Carlino. The second sentence of section 1705(b)(2), does not apply, as there is not more than one insurance policy that is applicable to the insured, plaintiff Carlino.

In regard to Carlino's request for leave to file an answer with new matter and her brief in opposition to Bartley's motion for summary judgment, Carlino maintains that even if her injuries are found to be not of a serious nature and if it is determined that she is not covered by her grandparents full tort policy, she may still be able to claim noneconomic damages. Carlino argues that

because Legz Trucking Co. and Michael McIlhargery, were the parties who disabled the traffic light at the site of the accident, and the vehicle McIlhargery was operating was registered in another state, she may recover full tort coverage. In support Carlino cites the MVFRL section 1705(d)(1)(ii), which provides that:

"Unless the injury sustained is serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for noneconomic loss, except that: (1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault: (ii) is operating a motor vehicle registered in another state."

In order for this section to be applicable, it must be determined that Legz Trucking Co. and Michael McIlhargery were at fault.

Seven Fields Borough filed a complaint to join additional defendants Legz Trucking Co. and Michael McIlhargery. Wherein Seven Fields asserts that, if it is found at the time of trial, that Seven Fields was negligent in erecting temporary stop signs at said intersection, Seven Fields alleges negligence against Michael McIlhargery and Legz Trucking Co., such that said additional defendants are solely liable, or in the alternative, they are liable over to Seven Fields based upon the principles of indemnification and/or contribution.

In her response to Bartley's motion for summary judgment, Carlino requests leave to file an answer with new matter asserting that Legz Trucking and Michael

McIlhargery are alone liable or jointly and severally liable for her injuries. As such, she wishes to allege she has full tort coverage pursuant to MVFRL section 1705(d)(1)(ii).

The coverage issue between her mother's or grandparents' policy has been raised, argued and decided as discussed in this decision. Plaintiff Carlino was covered under her mother's Flagstaff policy at the time of the accident. Said policy provided for limited tort coverage. Plaintiff Carlino's request for leave to file an answer with new matter and for leave to amend her complaint to assert coverage under her grandparents' policy is moot.

However, plaintiff may amend her complaint to assert the issue of full tort coverage pursuant to MVFRL section 1705(d)(1)(ii) involving Legz Trucking Co. and Michael McIlhargery. Plaintiff is granted leave to amend her complaint to allege claims against Legz Trucking Co. and Michael McIlhargery. Said amendment shall be filed within 20 days of service of this order upon the plaintiff.

The defense motion for summary judgment is denied as to the issue of whether the plaintiff sustained a serious injury.

Accordingly we enter the following:

## ORDER

And now September 12, 2000, in consideration of defendant Lisa Bartley's motion for summary judgment, joined by Kevin Bonus, Kathleen Prell, Michael McIlhargery, Legz Trucking Co. and Seven Fields Borough, and in consideration of the record as a whole, in accordance with the foregoing memorandum opinion said motion is denied.

Furthermore, it is hereby determined that plaintiff Carlino was an insured under the Flagship Insurance policy issued to Linda Carlino and not an insured under the Erie Insurance policy issued to Lloyd and Betty Griffith. As such, plaintiff's request for leave to amend complaint is denied as to the matter of asserting full tort coverage under the Erie Insurance policy.

Plaintiff's request for leave to file an answer and new matter, asserting Legz Trucking Co. and Michael McIlhargery are alone liable or jointly and severally liable for her injuries, is granted. Plaintiff shall file said amendment within 20 days of service of this order.