**Flynn v. Northeastern Eye Institute**

C.P. of Lackawanna County, no. 99-CV-672.

*Dawn M. Guzzi,* for plaintiffs.
*Lara Endler,* for defendant NEI.
*Eugene P. Feeney,* for defendant Skettino.

CORBETT, *J.,* April 27, 2001—Before the court are the motions for summary judgment filed by the defendants. Plaintiffs commenced this medical malpractice action by filing a summons on February 9, 1999. A complaint was thereafter filed on July 2, 1999 setting forth the plaintiffs' allegations of malpractice against the defendants. The complaint alleges vicarious liability on the part of defendant, Northeastern Eye Institute (NEI) and alleges that Dr. Skettino was an agent, servant, or employee of NEI. In the complaint, the plaintiffs allege that Dr. Skettino negligently performed a surgical procedure to remove a cyst from the male plaintiff's left eye as by making a notch cut on the left eye which left a large gap below the tear line. The complaint further alleges that the notch cut made by Dr. Skettino caused the plaintiff to suffer injuries as outlined in the complaint. The surgery took place on October 8, 1996. Both defendants filed answers with new matter alleging that the plaintiffs' claims are barred by the applicable statute of limitations.

It is undisputed that the plaintiffs' complaint alleges that the defendant, Dr. Skettino, negligently performed a surgical procedure on the male plaintiff, on October 18, 1996. It is also undisputed that the plaintiffs' commenced this action by summons on February 9, 1999. Defendants argue that the two-year statute of limitations bars the plaintiffs' cause of action, because the statute

expired on October 18, 1998. Plaintiffs counter that the discovery rule tolls the statute of limitations. Plaintiffs argue that the action did not begin to run until they received a copy of a letter from Dr. Bilyk M.D. of the Wills Eye Institute on February 12, 1997 alerting the male plaintiff to the cause of his injury.

We heard the oral arguments and have had the opportunity to review the record and submissions of the parties. This matter is ripe for disposition.

## DISCUSSION

A motion for summary judgment places the burden upon the moving party. The moving party must show that there exists no genuine issue of any material fact for trial. Pa.R.C.P. 1035.2. The moving party must be entitled to judgment as a matter of law and the moving party has the burden of proving that no genuine issue of material fact exists. *Washington v. Baxter,* 553 Pa. 434, 440, 719 A.2d 733, 737 (1998). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Id.* An entry of summary judgment is granted only in cases where the right is clear and free of doubt. *Accu-Weather v. Prospect Communications Inc.,* 435 Pa. Super. 93, 644 A.2d 1251 (1994). The moving party has the burden of proving the non-existence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Rapagnani v. Judas Co.,* 736 A.2d 666, 668 (Pa. Super 1999). To withstand such a motion, the non-moving party must adduce sufficient evidence on a crucial issue as to which that party bears the burden of proof so as to demonstrate that a jury could

return a verdict in favor of the non-movant. *Hames ex rel. Hames v. Philadelphia Housing Authority,* 737 A.2d 825, 828 n.4 (Pa. Commw. 1999).

In the instant matter, the defendants argue that they are entitled to summary judgment even assuming arguendo that the discovery rule was applicable, plaintiff still instituted the action more than two years after he knew or should have known that the surgery of October 8, 1996 caused his alleged injuries. Defendants argue that the plaintiff should be held to have known of his injury no later than October 18, 1996 when he had a follow-up appointment with Dr. Frattali, or at the latest the date of his appointment with Dr. Bilyk in November 1996.

"It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period." *Kramer v. Dunn,* 749 A.2d 984, 987-88 (Pa. Super. 2000). (citations omitted) "However, in some circumstances, although the right to institute suit may arise, a party may not, despite the exercise of diligence, reasonably discover that he has been injured." *Id.* at 988. (citations omitted) In such cases the discovery rule applies. *Id.* "The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Id.* "Pursuant to application of the discovery rule, the point at which the complaining party should reasonably be aware that he has suffered an in-

jury is a factual issue 'best determined by the collective judgment, wisdom and experience of jurors.' " *Id.* (citations omitted) "Thus, once the running of the statute of limitations is properly tolled, only where the facts are so clear that reasonable minds *cannot differ* may the commencement of the limitations period be determined as a matter of law." *Id.* (emphasis in original)

In the instant matter, after plaintiff had his initial surgery, he avers he did not become immediately aware that he suffered from an injury due to surgery. Rather, he believed it was due to a cyst. The evidence of record is limited to the pleadings, interrogatories and depositions of the plaintiff and his wife. The plaintiff testified that after the initial surgery, he began to suffer from discomfort in the left eye, but attributed it to normal post-surgical effects. (N.T. p. 29.) After suffering from the post-surgical discomfort, plaintiff returned to the NEI for follow-up treatment. (N.T. p. 31.) At the NEI plaintiff saw Dr. Frattali, who cleaned the infection, prescribed medication and offered to do additional surgery. (N.T. p. 33.) At this time the plaintiff testified he was not thinking of malpractice by Dr. Skettino, in fact he testified that he was led to believe by Dr. Frattali and the NEI that additional surgery was to correct the infection that had set in the eye. (N.T. p. 34.) Plaintiff testified that Dr. Frattali never even advised him that the discomfort, infection or proposed revisionary surgery were the result of Dr. Skettino's surgical procedure. (N.T. p. 35.) Plaintiff testified that at this time he still was not thinking of malpractice, nor was he advised that it was malpractice, but rather was merely seeking treatment of a normal post-surgical infection. (N.T. p. 37.)

After Dr. Frattali recommended a further surgical procedure, the plaintiff traveled to the Wills Eye Institute in Philadelphia for a second opinion. (N.T. p. 42.) Plaintiff argues that he went to Wills Eye to seek an opinion as to the possible correction of his residual eye problems, not for a malpractice consultation. He argues he merely sought treatment for what the NEI told him was not unexpected post-surgical infection. Corrective surgery was performed at Wills Eye on November 19, 1996, without any knowledge or discovery by plaintiff that Dr. Skettino's previous surgery was substandard. Plaintiff argues that it was not until he received a letter that Dr. Bilyk sent to his healthcare insurance provider on February 12, 1997 that he first learned Dr. Bilyk considered Mr. Flynn's surgery a post-surgical deformity caused by Dr. Skettino's October 18, 1996 surgery.

In the instant matter, given this testimony we are not prepared to say as a matter of law that the discovery rule is not applicable. We find pursuant to application of the discovery rule, that the point the plaintiff should reasonably be aware that he has suffered an injury is a factual issue best determined by the collective judgment, wisdom and experience or jurors.

Therefore, genuine issues of material fact exist for trial and summary judgment is denied. An appropriate order to follow.

## ORDER

And now, April 27, 2001, after consideration of the submissions of the parties as well as the entire record in this matter, it is hereby ordered and decreed, that the defendants' motion for summary judgment is denied.