## McGuigan v. Weiss

C.P. of Lackawanna County, no. 95-CIV-2049.

*Irwin Schneider,* for the plaintiffs.
*Mark T. Perry,* for defendant Stefanelli.
*Timothy E. Foley,* for defendant Weiss.
*James J. Wilson,* for defendant Mercy Hospital.

CORBETT, *J.,* May 7, 2001—Before the court are motions for summary judgment by all defendants in this matter. By agreement of the parties, the motion by James L. Stefanelli M.D. will be granted. This matter has previously been before us on the defendants' mo-

tion for sanctions on a spoliation of evidence theory. In a decision filed June 29, 2000, we granted the defendants' motion for sanctions and precluded the expert testimony of Dr. John J. Shane as it pertains to him offering expert testimony based upon his inspection of the sutures in this matter. The defendants now move for summary judgment based on their arguments that since the plaintiffs cannot produce expert testimony, no genuine issues of material fact exists for trial. We heard the oral arguments of the parties and have had the opportunity to review the entire record including the submissions of the parties, therefore, this matter is ripe for disposition.

## BACKGROUND

On May 31, 1995, the plaintiff filed a complaint against the defendants for injuries allegedly sustained by the minor plaintiff as a result of the defendants' negligence for using non-absorbable sutures in a circumcision performed on the minor plaintiff. Additionally, the plaintiffs aver that Dr. Weiss failed to secure their informed consent before proceeding with the surgery. On May 19, 1986, defendant, Jeffrey P. Weiss M.D., performed a circumcision on the minor plaintiff at defendant Mercy Hospital. Dr. Weiss asserts he used absorbable 5/8 chromic sutures, which should have dissolved within 2 to 3 weeks after the surgery. On April 14, 1992, the minor plaintiff was seen by his family physician, Dr. Gardner regarding a lesion on his penis. Plaintiffs allege that Dr. Gardner removed several sutures as set forth in his records which indicate the minor plaintiff had "retained sutures." On June 3, 1992, defendant James

L. Stefanelli M.D., examined the minor plaintiff and his assessment was suture sinuses with extrusion of sutures. On July 2, 1992, Dr. Stefanelli removed the suture sinuses. Subsequently, the minor plaintiff was again seen by Dr. Stefanelli on August 5, 1992.

Plaintiffs allege that it was Dr. Stefanelli's opinion that the sutures used in the circumcision by Dr. Weiss were permanent and non-absorbable. Plaintiffs assert that Dr. Stefanelli testified that in his experience of greater than 900 times using absorbable sutures, he had less than five times seen a presentment like the minor plaintiff's. They further argue that Dr. Stefanelli observed that absorbable sutures had a very different texture and color than non-absorbable sutures. Dr. Stefanelli did note in his operative report dated July 2, 1992 that "it may have been that permanent sutures were used." Thereafter, Dr. Gardner of the Geisinger Medical Clinic, removed additional sutures all of which is reflected in his medical records.

Defendant Dr. Jeffrey P. Weiss testified that the minor plaintiff's original circumcision took place at defendant Mercy Hospital. Mercy Hospital provided the surgical sutures, together with the rest of the equipment used in the circumcision. There is no question in this case that none of the suture material used in this circumcision is available for inspection by any of the defendant's experts. As a result by our order and opinion of June 29, 2000, we precluded any expert testimony of plaintiffs derived from inspection of these sutures. On February 24, 1999, an order was issued by Judge Nealon mandating all pretrial discovery be completed within 90 days of the date of the disposition of

the defendants' motion for sanctions. Additionally, Judge Nealon ordered that within 45 days of the completion of discovery, the plaintiff was required to produce the reports and curriculum vitae of all expert witnesses who would testify on behalf of the plaintiffs at the time of the trial.

Defendants move for summary judgment based on the argument that plaintiffs have not and cannot produce expert reports without being in violation of Judge Nealon's order, thereby they cannot meet their burden of proof at trial. In response, plaintiffs first argue that they have produced a supplemental report of Dr. Shane, not based upon his examination of the sutures, but based upon the medical records and testimony. Dr. Shane concludes in this report that in his opinion based upon a reasonable degree of medical certainty after his examination of the records and testimony that the sutures used in the circumcision were non-absorbable. Plaintiffs argue that Dr. Shane's report should be admissible under *Miller v. Brass Rail Tavern Inc.,* 541 Pa. 474, 664 A.2d 525 (1995). Further, the plaintiffs argue they have an expert report of a urologist, Dr. Seymour S. Kilstein who concludes that if non-absorbable sutures were used in this surgery then Dr. Weiss has deviated from the standard of care.

## DISCUSSION

A motion for summary judgment places the burden upon the moving party. The moving party must show that there exists no genuine issue of any material fact for trial. Pa.R.C.P. 1035.2. The moving party must be entitled to judgment as a matter of law and the moving

party has the burden of proving that no genuine issue of material fact exists. *Washington v. Baxter,* 553 Pa. 434, 436, 719 A.2d 733, 737 (1998). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Id.* An entry of summary judgment is granted only in cases where the right is clear and free of doubt. *Accu-Weather v. Prospect Communications,* 435 Pa. Super. 93, 644 A.2d 1251 (1994). The moving party has the burden of proving the nonexistence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Rapagnani v. Judas Co.,* 736 A.2d 666, 668 (Pa. Super. 1999). To withstand such a motion, the non-moving party must adduce sufficient evidence on a crucial issue as to which that party bears the burden of proof so as to demonstrate that a jury could return a verdict in favor of the non-movant. *Hames ex rel. Hames v. Philadelphia Housing Authority,* 737 A.2d 825, 828 n.4 (Pa. Commw. 1999).

In the instant matter defendants argue they are entitled to summary judgment as a matter of law because the plaintiffs have not produced expert reports to carry their burden at trial. Defendants argue that pursuant to Judge Nealon's order, the time for submitting expert reports has expired. Further, defendants argue that pursuant to this court's order of June 29, 2000, the plaintiffs are precluded from offering expert testimony of Dr. Shane. Plaintiffs respond by arguing that the most recent report of Dr. Shane does not violate this court's order of June 2000 and that the report is admissable under the long-standing rule of *Miller, supra.* Additionally, plaintiffs argue they submitted an expert report of Dr. Kilstein which discusses the defendants' negligence.

"In order to set forth a prima facie case of medical malpractice, a plaintiff must establish (1) a duty owed by the physician to the patient; (2) a breach of duty from the physician to the patient; (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient, and (4) damages suffered by the patient that were a direct result of that harm." *Toogood v. Owen J. Rogal D.D.S., P.C.,*" 764 A.2d 552, 555 (Pa. Super. 2000). (citations omitted) Generally, in order to prove medical negligence, a plaintiff must introduce expert testimony to prove that the conduct at issue deviated from accepted standards of medical malpractice, and that the deviation caused injury to the plaintiff. *Id.* Expert testimony is required in those cases where there is no fund of common knowledge from which laymen can reasonably draw the inference or conclusion of negligence. *Id.* citing *Jones v. Harrisburg Polyclinic Hospital,* 496 Pa. 465, 437 A.2d 1134 (1981).

In the instant matter, Dr. Kilstein's reports clearly find that if Dr. Weiss used non-absorbable sutures in the circumcision, then he was negligent. In our opinion of June 29, 2000, We thereby found that under the doctrine of spoliation of evidence, the defendants would be highly prejudiced if Dr. Shane were able to testify about his findings as a result of his examination of the sutures. The issue was that Dr. Shane was the last to possess a suture removed from the plaintiff and thereafter lost or misplaced it. The defendants were forever denied the ability to have the suture examined by their own experts. Therefore, we precluded Dr. Shanes' testimony regarding his examination of the sutures.

In his most recent report, Dr. Shane bases his findings not in examination of the sutures, but solely on the testimony of Drs. Weiss and Stefanelli and Dr. Stefanelli's observation was that the sutures he removed apparently would have been "permanent sutures." Dr. Shane also relied on Dr. Eicher's pathology report from Geisinger Medical Center indicating that the sutures were "dark gray" rather than a yellow, tan or brown translucent chromic suture material. As a result of his review of this evidence, Dr. Shane opines, within reasonable certainty that the suture material used in the 1986 circumcision by Dr. Weiss was a non-absorbable suture material, and that this suture material resulted in subsequent difficulties requiring the multiple surgeries of the minor plaintiff. "It is well settled in Pennsylvania that a medical expert is permitted to express an opinion which is based, in part, on medical records . . . which are customarily relied on by experts in his or her profession." *Collins v. Cooper,* 746 A.2d 615, 618 (Pa. Super. 2000).

With regard to Dr. Shane's most recent report, we find it is in compliance with this court's June 29, 2000 order. Specifically, the order precluded Dr. Shane from rendering an opinion based on his examination of the sutures. The report of January 2001, sets forth an opinion based upon review of records and testimony of the treating physicians, not the examination of the suture. Therefore, it does not violate our prior order.

To the extent that Dr. Seymour Kilstein's report dated March 24, 1997 relies upon Dr. Shane's examination of the actual suture, that portion of his opinion shall be redacted. If however he remains able to opine to a reasonable degree of medical certainty that the use of non-

316

absorbable sutures on a penis is a deviation of the acceptable standard of care, plaintiffs survive summary judgment.

Finally, the motions before this court are for summary judgment, not sanctions for plaintiffs' failure to comply with Judge Nealon's scheduling order. In viewing the evidence in light most favorable to plaintiffs, we find that defendants fail to meet their burden. Summary judgment is denied to defendants Weiss, Mori, Mori and Preate Associates and Mercy Hospital. Summary judgment is granted by agreement as to Dr. Stefanelli. An appropriate order to follow.

### ORDER

And now May 7, 2001, based upon our review of the record, submissions and arguments of the parties, it is hereby ordered and decreed that the motion for summary judgment filed by defendant James L. Stefanelli M.D. is granted. It is further ordered, that the motions for summary judgment filed by the remaining defendants are denied.